UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SHELDON BABOOLAL,

                            Plaintiff,                   **ORDER**
                                                                15 CV 4607(CLP)

      -against-

TEDDY'S HILLSIDE SERVICE STATION, INC.
196 HILLSIDE SERVICE CENTER, INC.,
THEODORE ZORBAS a/k/a THEDOROS
ZORBAS, and JOHN DOES 1-10

                            Defendants.
------------------------------------------------------------ x

**POLLAK**, United States Magistrate Judge:

On August 6, 2015, Sheldon Baboolal ("plaintiff") commenced this action against Teddy's Hillside Service Station, Inc., 196 Hillside Service Center, Inc., Theodore Zorbas a/k/a Thedoros Zorbas, and John Does 1 -10 ("defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On October 14, 2016, the parties notified the Court that they had reached a settlement agreement to resolve all claims and plaintiff's counsel filed a letter on behalf of the parties seeking the Court's approval of the settlement. In light of the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House</u>, courts are required to approve the fairness of settlements of claims brought under the FLSA. 796 F.3d 199, 206 (2d Cir. 2015); <u>see also</u> <u>D.A. Schulte, Inc. v. Gangi</u>, 328 U.S. 108, 113 (1947). Accordingly, defendants submitted a letter explaining the fairness of the settlement. (<u>See</u> Defs.' Ltr.[1] at 1). On December 1, 2016, a fairness hearing was held before

---

[1] Citations to "Defs.' Ltr." refer to the "Letter from Richard M. Howard, Esq. to Judge Cheryl Pollak on consent of Plaintiff's counsel regarding settlement," filed on November 11, 2016.

the undersigned.

The letter, which was filed by defendants with plaintiff's consent, asserts that the proposed settlement of plaintiff's claims for $60,000 is fair and reasonable. The parties disputed the hourly wage plaintiff was paid and the number of hours he actually worked. (Id. at 2). Plaintiff claimed that defendants failed to pay him overtime wages and failed to provide him with wage statement notices. (Id.) Defendants argued that plaintiff was paid overtime and that he inflated the number of hours he claimed to have worked. (Id.) Defendants also contended that their records accurately reflected the hours worked and hourly wage paid to plaintiff. (Id.)

During the fairness hearing, the parties stated that they arrived at the settlement agreement after extensive mediation with the help of a neutral mediator. Plaintiff's counsel stated that the settlement amount reflected a compromise in the amount that each party believed plaintiff was owed in overtime wages. Plaintiff's counsel stated that had the case gone to trial, plaintiff would have likely received less than $100,000 in damages because defendants had records of payments received by plaintiff showing that plaintiff "received well above the minimum wage." (Id. at 2).

In light of the dispute over the amount of hours plaintiff worked, the parties agreed to settle the case for a total of $60,000, including fees and costs. (Id.) Of this settlement amount, the parties indicated that $1,364.74 is to be deducted from the settlement amount for litigation costs. (Cangiano Decl.[2] at 1). Defendants' counsel further stated at the hearing that defendants agreed to pay the costs associated with the mediation. The attorney's fees were calculated at

---

[2]Citations to "Cangiano Dec." refer to the Declaration of Christian Cangiano filed with the letter in support of the fairness of the settlement on November 11, 2016.

2

approximately one-third of the settlement amount. (Id.)

Having reviewed the parties' submissions and conducted a fairness hearing with the parties, the Court finds the settlement amount and amount allocated to attorneys' fees to be fair and reasonable under all the factors and hereby approves the settlement.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      December 2, 2016

/s/ Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York